## Commonwealth v. Scarlatta

*Jenkins & Ligi*, for defendant.

EAGEN, J., November 2, 1951.—Defendant is charged with operating a motor vehicle on a public highway loaded in excess of the maximum weight permitted by law.

The Commonwealth's case rested solely upon the testimony of an officer of the Pennsylvania State Police, who stopped a truck loaded with coal operated by defendant. The latter had in his possession a weighmaster's slip issued at a coal breaker, which manifested that the truck, when weighed at the breaker, was carrying weight in excess of the legal limit. The officer caused the arrest of defendant without having the truck weighed, although there was an available scale approximately one mile distant from the point on the highway, where the truck was stopped by the police officer.

The court upon hearing adjudged defendant guilty; we now have before us a motion in arrest of judgment.

It is the contention of defendant that section 904 of The Vehicle Code of May 1, 1929, P. L. 905, 75 PS §454, as amended by section 3 of the Act of June 29, 1937, P. L. 2329, requires the arresting officer to weigh or cause to be weighed the truck, if scales are available within a two-mile radius, before the crime may be charged. The statute reads as follows:

"Any peace officer who shall be in uniform, and shall exhibit his badge or other sign of authority, having reason to believe that the weight of a vehicle and load is unlawful, is authorized to weigh the same, either by means of portable or stationary scales, or may require that such vehicle be driven to the nearest stationary scales in the event such scales are within a

distance of two (2) miles. The peace officer may then require the operator to unload immediately such portion of the load as may be necessary to decrease the gross weight of such vehicle to the maximum gross weight specified in this act, except as herein provided for special permits: And further provided, that no arrests shall be made, or information brought in cases where the maximum gross weights provided in this act are not exceeded by more than five (5) percentum thereof."

With defendant's counsel's reasoning, we cannot agree. It is our considered opinion that the section of the act above outlined is directory and not mandatory. This view is the same taken by other courts: Commonwealth v. Davis, 19 D. & C. 513; Commonwealth v. Hartzell, 5 Dist. R. 148; Commonwealth v. Frengel, 41 D. & C. 551.

However, the Commonwealth's case must fail herein for another substantial legal reason. The case is based entirely upon the weighmaster's slip showing the overweight. This in itself, without the testimony of the person who prepared it and did the actual weighing, is hearsay evidence, therefore is not and was not admissible in evidence. To permit this would in effect permit the Commonwealth to have and to use the testimony of a witness not called and deny defendant the right of cross-examination of the most important witness against him. In all other prosecutions under this act, which have been called to our attention and which are somewhat analogous to the situation presented in this case, the Commonwealth called as a witness the weighmaster who weighed the truck at the breaker and prepared the weigh slip. This, as pointed out before, was not done herein.

Therefore, November 2, 1951, the judgment of conviction is arrested and defendant discharged.